IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVIS DAVIS, #341371, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-1687-B-BN |
| THE STATE OF LOUISIANA. | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Travis Davis, incarcerated in Louisiana for parole violations, has filed this action appearing to request that the State of Louisiana (or state officials in Louisiana or Texas) transport him to Dallas. *See, e.g.,* Dkt. No. 3 at 3 ("My Release date is in 44 days. I am wanting to be back in Dallas, TX in 44 days."); *id.* at 4 ("3 days ago here Louisiana give me some [papers] saying I owe back time child support. I have never been on child support, and I don't have no kids. And Louisiana is trying to … get me in some trouble, wanting me to stay in Louisiana!"); *id.* at 5 ("Please stop Louisiana from giving me the Runarounds. I am writing Texas courts, because Louisiana courts will only help them.").

His requests have been construed as seeking mandamus relief. And his construed petition for writ of mandamus has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

The federal mandamus statute provides "district courts [with] original

jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

But that statute does not give federal courts the authority to compel state officers or agencies to act. *See, e.g., Moore v. 204th Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) ("Federal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." (citing *Moye v. Clerk, Dekalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973))).

And, to the extent that Davis requests that this Court compel a Louisiana state court to act, *see* Dkt. No. 3 at 5, a court, even a federal court, is not considered an "agency" under the mandamus statute:

> A court is not an officer, employee or agency of the United States against whom a writ of mandamus under § 1361 may be issued. *See Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 94 (1970) (Harlan, J. concurring) ("The District Court mandamus statute, § 1361, extends to 'officers,' 'employees,' and 'agencies' of the United States; there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals."); *Liberation News Service v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970) ("in enacting § 1361 ... , Congress was thinking solely in terms of the executive branch"). Although the Fifth Circuit Court of Appeals does not appear to have specifically addressed this issue, other circuits and courts have found that district courts lack jurisdiction to issue writs of mandamus to other courts, whether higher or equal.

*Whaley v. U.S. Court of Appeals Fifth Circuit/Office of Clerk*, No. 3:18-cv-2816-C-BH, 2018 WL 7118009, at *3 (N.D. Tex. Dec. 31, 2018) (collecting cases), *rec. adopted*, 2019 WL 319579 (N.D. Tex. Jan. 23, 2019).

The Court therefore lacks jurisdiction over this action.

But, expecting that Davis may appeal any dismissal of this lawsuit, the Court should also find that the provisions of the Prison Litigation Reform Act ("PLRA") do not apply to this action. Because "a writ of mandamus 'is not an independent civil action, but may be considered a type of appeal,' ... the nature of the underlying action [determines] the applicability of" provisions such as the [PLRA] amendments to 28 U.S.C. § 1915. *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (per curiam) (quoting *In re Stone*, 118 F.3d 1032, 1033 (5th Cir. 1997)); *see, e.g., In re Jacobs*, 213 F.3d 289, 289 (5th Cir. 2000) (per curiam) ("The nature of the underlying action determines whether the fee requirements of the PLRA are to apply in mandamus cases. [If] the underlying action [ ] is a civil case, the PLRA fee requirements apply." (citations omitted)). The action underlying Davis's writ is a state criminal proceeding, so this action should not be classified as a civil action subject to the PLRA. *See, e.g., Banks v. Hornak*, 698 F. App'x 731, 738 (4th Cir. 2017) ("[P]etitions filed in underlying *civil* proceedings are 'civil actions' but those filed in underlying *criminal* proceedings are not." (citing *Stone*, 118 F.3d at 1034 & n.2; citations omitted; emphasis in original)).

## Recommendation

The Court should dismiss this action for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 13, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE